UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Cassandra Daly, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

Dunkin' Brands, Inc. and Inspire Brands, Inc.,

    Defendants.

CASE NO. 3:24-cv-1475 (DNH/ML)

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

---

Plaintiff Cassandra Daly ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, brings this Class Action Complaint against Dunkin' Brands, Inc. and Inspire Brands, Inc. ("Defendants" or "Dunkin'"), based upon personal knowledge as to herself, and upon information, investigation and belief of her counsel.

**SUMMARY OF THE ACTION**

1. This class action seeks to challenge Defendants' false and deceptive practices in the marketing and sale of a number of their Dunkin' Refresher Products, which are marketed as fruit-based beverages available for sale at Dunkin's brick-and-mortar locations.

2. Defendants have marketed the Products with the name of specific fruits, representing to their consumers that the Products, which are marketed as fruit-based beverages, contain those advertised fruits. At a minimum, the Products include the following: (1) Mango Pineapple Refresher; (2) Strawberry Dragonfruit Refresher; (3) Peach Passionfruit Refresher; (4)

1

Blueberry Pomegranate; (5) Apple Cranberry Refresher; (6) Raspberry Watermelon Refresher; and (7) Mixed Berry Beats Dunkin' Refresher. (together, the "Products").[1]

3.   Despite their names, and unbeknownst to consumers, the Mango Pineapple Refresher contains **no mango** and **no pineapple**, the Strawberry Dragonfruit Refresher contains **no strawberry** and **no dragonfruit**, the Peach Passionfruit Refresher contains **no peach** and **no passionfruit**, the Blueberry Pomegranate Refresher contains **no blueberry** and **no pomegranate**, the Apple Cranberry Refresher contains **no apple** and **no cranberry**, and the Mixed Berry Beats Dunkin' Refresher contains **no berries**. Further, **all** of the Products are predominantly made with green tea, water and sugar.

4.   Plaintiff and other consumers purchased the Products and paid a premium price based upon their reliance on Defendants' naming of the Products. Had Plaintiff and other consumers been aware that the Products are missing the named fruits, they would not have purchased the Products or would have paid significantly less for them. Accordingly, Plaintiff and Class members have been injured by Defendants' deceptive business practices.

## PARTIES

**I.   Plaintiff**

5.   Plaintiff is a citizen of New York and currently resides in Endicott, New York. In or around July 2023, Plaintiff purchased the Mango Pineapple and Strawberry Dragonfruit Refreshers at Dunkin's locations in Endicott, New York. Based on the Products' names posted on Dunkin's menu board, Plaintiff reasonably believed that the Products contained the represented fruits. Specifically Plaintiff believed that the Mango Pineapple Refresher contained mango and

---

[1] Due to Dunkin's frequent menu changes, some Refreshers may not be currently offered for sale or advertised. However, to the extent Dunkin' makes the representation challenged herein on those products as well, those products are similarly challenged.

pineapple and that the Strawberry Dragonfruit contained strawberry and dragonfruit. Moreover, she did not see any statement or information on the Dunkin' menu board which informed her that there was no mango, pineapple, strawberry or dragonfruit in the Products. Had she known that the Products did not contain the named fruits, she would not have purchased them, or would have paid significantly less for them.

## II.  Defendants

6.   Defendant Dunkin' Brands, Inc. is a Delaware corporation with its principal place of business in Canton, Massachusetts. Defendant Dunkin' operates one of the United States' largest franchise chains, which sells donuts and various beverages including the Products challenged in this Complaint. Defendant Dunkin' Brands, Inc., through its agents, is responsible for the composition, preparation, advertising, marketing, and sale of the Products in New York.

7.   Defendant Inspire Brands, Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia. Defendant Inspire owns a "family of brands" including several of the most prominent restaurant chains in the United States. As the entity responsible for "invigorat[ing] great brands and supercharg[ing] their long-term growth," Defendant Inspire Brands, Inc., through its agents, is responsible for the composition, preparation, advertising, marketing, and sale of the Products in New York.

## JURISDICTION AND VENUE

8.   This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d) in that: (1) this is a class action involving more than 100 Class members; (2) the parties are minimally diverse, as members of the proposed class are citizens of states different than Defendants' home states; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

9. This Court has personal jurisdiction over Defendants because they conduct and transact substantial business in New York, and intentionally and purposefully placed the Products into the stream of commerce within New York.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this District. Namely, Plaintiff purchased the Products in this District.

## FACTUAL BACKGROUND

11. Defendants are responsible for the formulation, manufacturing, marketing, naming, advertising, and sale of the beverage products sold in Dunkin's thousands of retail stores located in the United States, including the Products at issue here.

12. The Products are part of Defendant's "Refreshers" line of beverages, marketed as fruit-based beverages.

13. Unfortunately for consumers, Defendants engage in false and misleading advertising regarding the Products to gain a competitive edge in the market, all at the expense of unsuspecting consumers.

14. Specifically, for each of the Products, Dunkin' has marketed the Products with the name of specific fruits, representing to its consumers that the Products, which are supposed to be fruit-based beverages, contain those named fruits.

15. Indeed, as portrayed below (red outlining added for emphasis), the presence of fruit in the Products is central to the Products' identity.



16.     Based on the Products' advertising, reasonable consumers purchase the Products with the expectation that the Products contain all the fruits clearly listed in their respective names.

17.     However, unbeknownst to consumers, the Refresher beverages do not contain any juice from the named fruits. For example, the Mango Pineapple Refresher contains ***no mango*** and

5

*no pineapple*, the Strawberry Dragonfruit Refresher contains *no strawberry* and *no dragonfruit*, and so on.

18. Instead, *all* of the Products are formulated to mimic the taste of the represented fruits with "Flavored Concentrates" made predominantly from water and sugar.

19. This is not what consumers expect when it comes to Dunkin' items. Consumers expect Dunkin's products to live up to their name, and many of them rightfully do. Indeed, Dunkin's "Strawberry Coolatta®" contains "Strawberry Puree Concentrate," its hot chocolate contains cocoa, its matcha lattes contain matcha, and its honey mint tea contains honey and mint, just as consumers expect. Even Dunkin's Strawberry Powered by Rockstar Energy Punch has real strawberries in it.

20. While some of Dunkin' products live up to their names and contain their promised ingredients, the challenged Products are missing all of their named fruit ingredients.

21. Notably, nowhere does Dunkin' disclose that these Products are missing their promised ingredients. As such, consumers cannot reasonably know or expect that the Products are each missing all of the named ingredients.

22. The reasonable belief that the Products contain their advertised fruits was a significant factor in Plaintiff's and other class members' decisions to purchase the Products. These missing fruit ingredients are important to consumers because they are premium ingredients, and consumers value them over the cheaper and more highly processed flavors found in the Products. For example, pineapple and its juices, which are missing from the Mango Pineapple refreshers, are known to provide benefits to the immune system, digestive systems, eye health, and contain

anti-cancerous properties.[2] Mango is also known to be a "great source of magnesium and potassium.[3] And passionfruit is known to be rich in Vitamin C, Vitamin A, fiber, and other nutrients.[4] Conversely, the added sugar in the Products is used as cheaper and less healthy alternative to the natural sugars found in the named fruits. Refined sugars can contribute to diabetes, can negatively impact heart health, and have been linked to increase rates of cancer.[5] Thus, Dunkin' promises premium products, but provides consumers with cheaper, less premium alternatives.

23. As the entities responsible for the development, naming, manufacturing, advertising, distribution and sale of the Products, Defendants knew or should have known that the Products falsely and deceptively represent to contain certain ingredients that they do not contain.

24. Defendants also knew or should have known that Plaintiff and other consumers, in purchasing the Products, would rely on Defendants' advertising. Nonetheless, Defendants deceptively advertise the Products in order to deceive consumers and gain an unfair advantage in the market.

25. Consumers are willing to pay more for the Products based on the belief that the Products contain their advertised fruit ingredients. Plaintiff and other consumers would have paid significantly less for the Products, or would not have purchased them at all, had they known the truth about them. Thus, through the use of misleading representations, Defendants command a price that Plaintiff and the Class would not have paid had they been fully informed.

---

[2] https://www.medicalnewstoday.com/articles/317061#nutrition
[3] https://www.webmd.com/diet/health-benefits-mango
[4] https://www.webmd.com/food-recipes/passion-fruit-health-benefits#:~:text=Passion%20fruit%20is%20full%20of,protects%20your%20cells%20from%20damage
[5] https://www.health.harvard.edu/heart-health/the-sweet-danger-of-sugar

26. Therefore, Plaintiff and other consumers purchasing the Products have suffered injury in fact and lost money as a result of Defendants' false and deceptive practices, as described herein.

## CLASS DEFINITION AND ALLEGATIONS

27. Plaintiff brings this matter on behalf of herself and those similarly situated. Pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Rules" or "Rule"), Plaintiff seeks to represent the following class and subclass (herein, the "Classes"):

> **Nationwide Class**
> All persons in who purchased any of the Products in the United States within the applicable statute of limitations.
>
> **New York Subclass**
> All residents of New York who purchased any of the Products in New York for personal, family, or household consumption and not for resale within the applicable statute of limitations.

28. Plaintiff reserves the right to amend the definitions of the Classes if discovery or further investigation reveal that the Classes should be expanded or narrowed, divided into additional subclasses under Rule 23(c)(5), or modified in any other way.

29. The following people and entities are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and the members of their family; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

30. This action is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

31. **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained by the Defendants' records. At a minimum, there are likely hundreds of thousands of Class members.

32. **Commonality:** There are questions of law and fact common to the proposed Classes. Common questions of law and fact include, without limitations:

   a. whether Defendants' course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

   b. whether reasonable consumers would rely upon Defendants' representations about the Products and reasonably believe the Products contain the advertised ingredients;

   c. whether Defendants knew or should have known their representations were false or misleading;

   d. whether Defendants were unjustly enriched by retaining monies from the sale of the Products;

   e. whether certification of the Classes is appropriate under Rule 23;

   f. whether Plaintiff and the members of each Class are entitled to declaratory, equitable, and/or other relief, and the scope of such relief; and

   g. the amount and nature of the relief to be awarded to the Plaintiff and the Classes, including whether Plaintiff and the Classes are entitled to punitive damages.

33. **Typicality:** Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased the Products. Plaintiff and the members of the Classes relied on the representations made by the Defendants about the Products prior to purchasing the Products. Plaintiff and the members of each Class paid for Defendants' Products and would not have purchased them (or would have paid substantially less for them) had they known that the Defendants' representations were untrue.

34. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the proposed Classes as her interests do not conflict with the interests of the members of the proposed Classes she seeks to represent, and she has retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

35. **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Classes. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendants' misconduct detailed at length in this Complaint.

36. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of

individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendants.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349
*(On Behalf of the New York Subclass)*

37. Plaintiff repeats and realleges Paragraphs 1-36 as if fully set forth herein.

38. New York General Business Law ("GBL") § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state."

39. Defendants' conduct alleged herein constitutes "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the New York Class Members seek monetary damages.

40. Defendants misleadingly, inaccurately, and deceptively advertised and marketed their Products to consumers.

41. Defendants' improper consumer-oriented conduct—including using the naming and advertising of the Products to represent that they contain ingredients that they do not (the named fruits)—is misleading in a material way in that it, *inter alia*, induced Plaintiff and the New York Subclass Members to purchase and pay a premium for Defendants' Products and to consume the Products when they otherwise would not have. Defendants made their untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

42. Plaintiff and the New York Subclass Members have been injured inasmuch as they paid a premium for the Products that did not contain the advertised fruits contrary to Defendants'

11

representations of the Products. Accordingly, Plaintiff and the New York Class Members received less than what they bargained and/or paid for.

43. Defendants' deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff and the New York Class Members have been damaged thereby.

44. As a result of Defendants' "unlawful" deceptive acts and practices, Plaintiff and the New York Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendants' unlawful conduct, interest, and attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 350**
*(On Behalf of the New York Subclass)*

45. Plaintiff repeats and realleges Paragraphs 1-36 as if fully set forth herein.

46. New York General Business Law § 350 provides, in part, as follows: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

47. GBL § 350-a(1) provides, in part, as follows:

> The term "false advertising" means advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual. . . .

48. Defendants' naming and advertising of the Products to represent that the Products contain certain named and advertised fruits are materially misleading representations inasmuch as they misrepresent the Products' ingredients.

49. Plaintiff and the New York Subclass Members have been injured inasmuch as they relied upon the naming and advertising of the Products and paid a premium for products that did not contain the ingredients that were promised. Accordingly, Plaintiff and the New York Subclass Members received less than what they bargained and/or paid for.

50. Defendants' naming and advertising of the Products induced Plaintiff and the New York Subclass Members to buy Defendants' Products. Thus, Defendants made material misrepresentations about the Products.

51. Defendants made the foregoing untrue and/or misleading representations willfully, wantonly, and with reckless disregard for the truth.

52. Defendants' material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, all consumers purchasing the Products were exposed to Defendants' material misrepresentations.

53. As a result of Defendants' "unlawful" deceptive acts and practices, Plaintiff and the New York Subclass are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendants' unlawful conduct, interest, and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### VIOLATIONS OF BREACH OF EXPRESS WARRANTY STATUTE
### N.Y. U.C.C. Law § 2-313
*(On behalf of the New York Class)*

54. Plaintiff repeats and realleges Paragraphs 1-36 as if fully set forth herein.

55. Plaintiff and the New York Subclass Members formed a contract with Defendants at the time they purchased the Products. As part of those contracts, Defendants represented that the Products are "(1) Mango Pineapple Refreshers, (2) Strawberry Dragonfruit Refreshers, (3) Peach Passionfruit Refreshers, (4) Blueberry Pomegranates, (5) Apple Cranberry Refreshers, and (6) Raspberry Watermelon Refreshers; (7) Mixed Berry Beats Dunkin' Refreshers," representing that those beverages contain, based on the Products' naming and advertising, all of the named ingredients for example, "mango" and "pineapple," or "strawberry" and "dragonfruit".

56. These representations constitute an express warranty and became part of the basis of the bargain between Plaintiff and the New York Subclass Members, on the one hand, and Defendants, on the other.

57. Defendants made the representations to induce Plaintiff and the New York Subclass Members to purchase the Products, and Plaintiff and the New York Subclass Members relied on the representations in purchasing the Products.

58. All conditions precedent to Defendants' liability under the above-referenced contract have been performed by Plaintiff and the New York Subclass Members.

59. Express warranties by a seller of consumer goods are created when an affirmation of fact or promise is made by the seller to the buyer, which relates to the goods and becomes the basis of the bargain. Such warranties can also be created based upon descriptions of the goods which are made as part of the basis of the bargain that the goods shall conform to the description.

60. Defendants breached the express warranties about the Products because, as alleged above, the Products do not contain the represented fruits.

61. As a result of Defendants' breaches of express warranty, Plaintiff and the New York Class Members were damaged in the amount of the premium price they paid for the Products, in amounts to be proven at trial.

62. In or around December 2023, Plaintiff discovered this breach. On January 5, 2024, Plaintiff, on behalf of herself and others similarly situated, sent a notice and demand letter to Defendants providing notice of Defendants' breach. Defendants have refused to remedy their breach of their warranties.

### FOURTH CLAIM FOR RELIEF
### VIOLATIONS OF BREACH OF IMPLIED WARRANTY STATUTE
### N.Y. U.C.C. Law § 2-314
(*On behalf of the New York Subclass*)

63. Plaintiff repeats and realleges Paragraphs 1-36 as if fully set forth herein.

64. Plaintiff brings this claim individually and on behalf of the members of the proposed New York Subclass against Defendants.

65. New York's implied warranty of merchantability statute provide that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." N.Y. U.C.C. Law § 2-314.

66. New York's implied warranty of merchantability statutes also provide that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the promises or affirmations of fact made on the container or label if any." N.Y. U.C.C. Law § 2-314(2)(f).

67. Defendants are merchants with respect to the sale of Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Products to New York consumers.

68. By advertising and naming the Products with the names of specific fruits on its

15

menu boards, Defendants made an implied promise in the Products' advertising that the Products contain these specific fruits. The Products, however, have not conformed to these promises because the Products do not contain any of the fruits listed by the Products' names on Defendants' menu boards. Plaintiff, as well as other New York consumers, did not receive the goods as impliedly warranted by Defendants to be merchantable.

69. Therefore, the Products are not merchantable under New York law and Defendants have breached their implied warranty of merchantability in regard to the Products.

70. If Plaintiff and members of the New York Subclass had known that the Products' naming and advertising was false and misleading, they would not have been willing to pay the premium price associated with them. Therefore, as a direct and/or indirect result of Defendants' breach, Plaintiff and members of the New York Subclass have suffered injury and deserve to recover all damages afforded under the law.

71. In or around December 2023, Plaintiff discovered this breach. On January 5, 2024, Plaintiff, on behalf of herself and others similarly situated, sent a notice and demand letter to Defendants providing notice of Defendants' breach. Defendants have refused to remedy their breach of their warranties.

**FIFTH CLAIM FOR RELIEF**
**IN THE ALTERNATIVE, UNJUST ENRICHMENT**
*(On behalf the Nationwide Class)*

72. Plaintiff repeats and realleges Paragraphs 1-36 as if fully set forth herein.

73. To the extent the Court finds that Plaintiff and the members of the Nationwide Class did not form a contract with Defendants at the time they purchased the Products, Plaintiff brings this claim for unjust enrichment in the alternative, individually and on behalf of the Nationwide Class.

74. Plaintiff and the Nationwide Class purchased Defendants' Products and paid a premium for the Products. Defendants misrepresented that the Products contained the named fruits, which commanded a price premium on the market.

75. Defendants had knowledge of such benefit and obtained the benefit by their misrepresentations because the misrepresentations induced reasonable consumers to purchase the Products when they would not otherwise have purchased them or would have purchased them at a lower price.

76. Defendants appreciated this benefit and knowingly accepted it at the expense of, and to the detriment of, Plaintiff and the Nationwide Class. Defendants currently retain this benefit.

77. Defendants' acceptance and retention of the benefits is inequitable and unjust because the benefit was obtained by Defendants' misconduct detailed at length in this Complaint.

78. Equity cannot in good conscience permit Defendants to be economically enriched for such action at the expense of Plaintiff and the Nationwide Class, and therefore restitution and/or disgorgement of such economic enrichment is required.

**SIXTH CLAIM FOR RELIEF**
**COMMON LAW FRAUD**
(*On behalf the Nationwide Classes*)

79. Plaintiff repeats and realleges Paragraphs 1-36 as if fully set forth herein.

80. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Subclass against Defendants.

81. Defendants have willfully, falsely, and knowingly misrepresented the Products' ingredients through the Products' naming and advertising, as they knew that the Products did not contain the specific fruits represented by the Products' names.

82. Defendants have therefore made knowing, fraudulent misrepresentations as to the Products.

83. Defendants' misrepresentations were material (i.e., they affected Plaintiff and members of the Nationwide Class's purchasing decisions given their importance), because the Products are fruit-based beverages, yet they do not contain any of the advertised fruits.

84. Defendants knew or recklessly disregarded the fact that the Products did not contain the specific fruits as promised by the Products' names.

85. Defendant intended that Plaintiff and members of the Nationwide Class rely on the Products' naming and advertising, as if they had known the truth that the Products lacked all the ingredients promised by the Products' names, they would have less for the Products or would not have purchased them at all.

86. Plaintiff and members of the Nationwide Class have reasonably and justifiably relied on Defendants' misrepresentations when purchasing the Products, and if Plaintiff and members of the Nationwide Class had known the truth about the Products, they would not have paid monies for the Products or would have paid less monies for the Products.

87. For these reasons, Plaintiff and members of the Nationwide Class have suffered monetary losses, including interest they would have accrued on these monies, as a direct and proximate result of Defendants' fraudulent conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of other members of the proposed Classes, respectfully request that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

a. Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel;

b. A declaration or declaratory judgment that Defendants' conduct has violated and continues to violate the statutes and laws cited herein;

c. An order requiring imposition of a constructive trust and and/or disgorgement of Defendants' ill-gotten gains and to pay restitution to Plaintiff and members of the Classes to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice;

d. An award of damages, including all available statutory and punitive damages, pursuant to the statutes and the causes of action pled herein;

e. Distribution of any monies recovered on behalf of members of the Classes via fluid recovery or *cy pres* recovery where necessary and applicable, to prevent Defendants from retaining the benefit of their wrongful conduct;

f. an award of all recoverable costs and expenses, including reasonable fees for Plaintiff's attorneys; and

g. an award of pre- and post-judgment interest to Plaintiff and members of each Class if applicable; and, ordering further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff and members of the Classes demand a jury trial on all issues so triable.

DATED: December 4, 2024           **CUSTODIO & DUBEY, LLP**

By: /s/ Robert Abiri

Robert Abiri (SBN 5375449)
*E-mail: abiri@cd-lawyers.com*
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095

**TREEHOUSE LAW, LLP**

Joshua Nassir (*pro hac vice forthcoming*)
Katherine Phillips *(pro hac vice forthcoming)*
3130 Wilshire Blvd., Suite 555
Santa Monica, CA 90403
Telephone: (310) 751-5948
jnassir@treehouselaw.com

*Attorneys for Plaintiff and the
Putative Classes*