**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
BINGHAMTON DIVISION**

| | |
|---|---|
| CASSANDRA DALY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DUNKIN' BRANDS, INC. and INSPIRE BRANDS, INC.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:24-cv-1475-DNH-ML<br><br>**DUNKIN' BRANDS, INC. AND INSPIRE BRANDS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS CLASS ACTION COMPLAINT** |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................... 1

II. ARGUMENT AND CITATION TO AUTHORITY ............................................. 2

    A. Courts Regularly Dismiss Claims at the Pleading Stage Under the Reasonable Consumer Standard. ................................................................... 2

    B. The Complaint Should Be Dismissed Because the Dunkin' Refreshers Truthfully and Accurately Describe the Refreshers' Flavors. ..................... 3

        1. Plaintiff Relies on Inapposite Caselaw that Involve Dissimilar "Ingredient Representations" ........................................................... 3

        2. Plaintiff Fails to Meaningfully Distinguish Defendants' Authority ................ 6

    C. Context Confirms that No Reasonable Consumer Would Be Misled by Dunkin's Truthful Representations of Its Refreshers Drinks ..................... 7

    D. Plaintiff's Causes of Action Independently Fail as a Matter of Law .......... 9

III. CONCLUSION ....................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Angeles v. Nestlé USA, Inc.*,
   632 F. Supp. 3d 312 (S.D.N.Y. 2022) ............................................................................1, 6, 7

*Axon v. Florida's Nat. Growers, Inc.*,
   813 F. App'x 701 (2d Cir. 2020) ...............................................................................................9

*Brown v. Kellogg Sales Co.*,
   No. 1:20-CV-7283-ALC, 2022 U.S. Dist. LEXIS 60748 (S.D.N.Y. Mar. 31, 2022) ................7

*Campbell v. Whole Foods Mkt. Grp., Inc.*,
   516 F. Supp. 3d 370 (S.D.N.Y. 2021) ...................................................................................8, 9

*Chufen Chen v. Dunkin' Brands, Inc.*,
   954 F.3d 492 (2d Cir. 2020) ............................................................................................2, 3, 8

*Colpitts v. Blue Diamond Growers*,
   527 F. Supp. 3d 562 (S.D.N.Y. 2021) ..................................................................................9, 10

*Cooper v. Anheuser-Busch, LLC*,
   553 F. Supp. 3d 83 (S.D.N.Y. 2021) .........................................................................................9

*Daniel v. Mondelez Int'l, Inc.*,
   287 F. Supp. 3d 177 (E.D.N.Y. 2018) ......................................................................................9

*Duncan v. Kahala Franchising, L.L.C.*,
   732 F. Supp. 3d 255 (E.D.N.Y. 2024) ...................................................................................5, 7

*Fermin v. Pfizer Inc.*,
   215 F. Supp. 3d 209 (E.D.N.Y. 2016) ......................................................................................3

*Fink v. Time Warner Cable*,
   714 F.3d 739 (2d Cir. 2013) .....................................................................................................2

*Fitzhenry-Russell v. Coca-Cola Co*,
   2017 U.S. Dist. LEXIS 172716, at *2 (N.D. Cal. Oct. 18, 2017) .............................................5

*Hesse v. Godiva Chocolatier, Inc.*,
   463 F. Supp. 3d 453 (S.D.N.Y. 2020) .....................................................................................10

*Izquierdo v. Panera Bread Co*,
   450 F. Supp. 3d 453 (S.D.N.Y. 2020) .......................................................................................4

*Jessani v. Monini N. Am., Inc.*,
   744 F. App'x 18 (2d Cir. 2018) ................................................................................................2

*Kominis v. Starbucks Corporation*,
    692 F. Supp. 3d 236 (S.D.N.Y. 2023)......................................................................1, 3, 4

*Oldrey v. Nestlé Waters N. Am., Inc.*,
    No. 21 CV 03885 (NSR), 2022 U.S. Dist. LEXIS 133770 (S.D.N.Y. July 27, 2022) ...........6, 7

*Ruiz v. Celsius Holdings*,
    No. 3:21-cv-00128-GPC-KSC, 2021 U.S. Dist. LEXIS 235986 (S.D. Cal. July 27,
    2021) .................................................................................................................................5

*Saidian v. Krispy Kreme Doughnut Corp.*,
    2:16-cv-08338-SVW (AFMx), 2017 U.S. Dist. LEXIS 36391 (C.D. Cal. Feb. 27,
    2017) .................................................................................................................................4

*Schwartz v. Bai Brands*,
    No. CV 19-6249 FMO (RAOx), 2020 U.S. Dist. LEXIS 184496 (C.D. Cal. July 31,
    2020) ............................................................................................................................4, 5

*Silva v. Unique Bev. Co., LLC*,
    No. 3:17-cv-00391-HZ, 2017 U.S. Dist. LEXIS 179362, at *2 (D. Or. Oct. 30, 2017)..............5

*Vazquez v. Walmart, Inc.*,
    704 F. Supp. 3d 417 (S.D.N.Y. 2023)............................................................................1, 7, 9

*West v. Molson Coors Bev. Co. USA, LLC*,
    No. 23-cv-7547 (BMC), 2024 U.S. Dist. LEXIS 140531 (E.D.N.Y. Aug. 6, 2024).........7, 8, 9

iii

I.  **INTRODUCTION**

As established in Defendants' Memorandum in Support of their Motion to Dismiss, Plaintiff's Complaint fails as a matter of law because Dunkin' accurately advertises its Refreshers drink *flavors* and never promised (or even suggested) that its Refreshers drinks contain fruits like "Mango Pineapple" or "Strawberry Dragonfruit." Dkt. 14-1 (the "Motion"), at 2-3, 6-9. While Plaintiff would like to denigrate this conclusion as "farfetched" and "untested," (Dkt. 23 ("Opposition"), at 1), it merely reflects a settled application of the reasonable consumer standard in this Circuit. Because Dunkin's Refreshers make no claim that they are "made with," "contain," or "any other similar message that would convey to a reasonable consumer that the [products] include[] those ingredients," their reference to a fruit conveys to reasonable consumers only that they are fruit *flavored*. *Angeles v. Nestlé USA, Inc.*, 632 F. Supp. 3d 312, 316 (S.D.N.Y. 2022) (collecting cases); *Vazquez v. Walmart, Inc.*, 704 F. Supp. 3d 417, 425 (S.D.N.Y. 2023) ("As a result, since the Product makes no additional representations about how the flavor is achieved, the representation would be misleading only if the Product did not actually taste like [that flavor].") (cleaned up). Plaintiff's Opposition fails to provide a single case that disturbs this settled application of New York law.

Instead, Plaintiff bases her Opposition on mischaracterizing the law governing her claims. Plaintiff hangs her hat on inapposite decisions that involve far more than a flavor name, but rather express promises and representations that a product contains certain ingredients. *See* Opp. at 4-9. For instance, Plaintiff wrongly claims that one of these ingredient representation cases—*Kominis v. Starbucks Corporation*—"is directly at odds" with Defendants' arguments. Opp. at 1 (citing 692 F. Supp. 3d 236, 242 (S.D.N.Y. 2023)). In reality, however, *Kominis* involved a drink line whose menu board depicted the drink products with actual floating pieces of real fruits—the very kinds of "ingredient representations" that are absent here. In fact, all but one of the cases cited in Plaintiff's briefing involved similarly express representations that the challenged products contained specific

ingredients. The one case in Plaintiff's Opposition that does not involve an "ingredient representation" *supports* dismissing Plaintiff's Complaint in its entirety.

Because Plaintiff cannot demonstrate that she has pled a single viable claim for relief, the Court should dismiss the Complaint (Dkt. 1) in its entirety and with prejudice.

## II. ARGUMENT AND CITATION TO AUTHORITY

### A. Courts Regularly Dismiss Claims at the Pleading Stage Under the Reasonable Consumer Standard.

Plaintiff begins by turning the reasonable consumer standard on its head. Opp. at 3-4. She claims that on a motion to dismiss Defendants must demonstrate that it is "***impossible*** for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Id.* at 3 (emphasis in original). That illusory standard does not exist in the Second Circuit or under New York law.

To the contrary, the Second Circuit has early (and often) commented that a plaintiff must raise plausible factual allegations establishing that the "allegedly deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). And, as established in the Motion, courts routinely grant motions to dismiss based on the reasonable consumer standard, especially where (like here) a product accurately advertises its product and makes no promise or suggestion that they contain certain ingredients. *See, e.g.*, *Jessani v. Monini N. Am., Inc.*, 744 F. App'x 18, 19–20 (2d Cir. 2018) (affirming motion to dismiss under the reasonable consumer standard noting that "it is 'well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer'") (quoting *Fink*, 714 F.3d at 741–742 (affirming motion to dismiss under reasonable consumer standard for "lack[ing] the facial plausibility necessary to survive a motion to dismiss")); *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 501 (2d Cir. 2020) (affirming motion to dismiss under reasonable consumer standard because a reasonable consumer would not have been

misled by the "steak" advertisements); *Fermin v. Pfizer Inc.*, 215 F. Supp. 3d 209, 212 (E.D.N.Y. 2016) ("It is well settled that a court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer" on a motion to dismiss).

Finally, Plaintiff's Complaint does not present a close call, and courts routinely decide flavor cases (like this one) at the motion to dismiss stage. *See* Mot. at 7-12 (collecting cases). Accordingly, this Court should reject Plaintiff's arguments to the contrary.

> **B.     The Complaint Should Be Dismissed Because the Dunkin' Refreshers Truthfully and Accurately Describe the Refreshers' Flavors.**

As explained in Defendants' opening papers, the Complaint makes clear that Dunkin' does not make an actionable misrepresentation about the Refreshers' ingredients. *See* Mot. at 6-13. Indeed, in her Opposition Plaintiff **concedes** that Dunkin' never represented that the Refreshers are "made with" or "contain[]" any fruit. *See* Opp. at 8 (observing the "absence" of these words from the Refreshers' flavor claims). Thus, Defendants have established that, by simply calling out their flavors, the Refreshers make no representation that they contain any particular ingredient. *See* Motion at 6-8 (citing *Angeles v. Nestlé USA, Inc.*; *Warren v. Stop & Shop Supermarket, LLC*; *Donadio v. Bayer Healthcare LLC*; *Davis v. Pur Co. (USA), Inc.*; *Turnipseed v. Simply Orange Juice Co.*; *Brown v. Kellogg Sales Co.*; and *Oldrey v. Nestlé Waters N. Am., Inc.*). Plaintiff's Opposition does not—and cannot—alter this conclusion.

> 1.     <u>Plaintiff Relies on Inapposite Caselaw that Involve Dissimilar "Ingredient Representations"</u>

In opposition, Plaintiff relies on "ingredient representation" cases to claim that the Dunkin' Refreshers' ***flavor names*** alone deceive consumers as to the Refreshers' ingredients, going so far to claim that one case (*Kominis*) "resolv[ed] the same questions before this court now." Opp. at 1, 4-9.

Not so. *Kominis* is an "ingredient representation" case that provides no insight for the Dunkin' Refreshers drinks here. 692 F. Supp. 3d at 247. Indeed, the menu board in *Kominis* represented that

3

the drink products contained their called-out fruits by depicting "[i]mages of the Products show[ing] pieces of fruits floating in the beverages." *Id*. These images were determinative in the *Kominis* court's analysis, and it concluded that the plaintiff stated a plausible claim because "the presence of certain fruit in pictures of the Products could be deceptive." *Id*. at 247-250. Plaintiff downplays these ingredient representations by wrongly claiming that *Kominis* "explicitly held" that the drinks were deceptive because "fruit may be present in a drink in non-visible form." Opp. at 12. But Plaintiff omits the first—and key—half of the court's analysis: "But it is equally **if not more plausible that the image of real fruits would indicate to a consumer that the drink contains all, not only part, of the fruits mentioned in the Products' name**, especially given that fruit may be present in a drink in a non-visible form, such as a juice." *Id*. at 248 (emphasis added). *Kominis* thus is inapposite.

Plaintiff next cites a string of out-of-Circuit "ingredient representation" cases that have no bearing on this Court's analysis: <u>First</u>, the *Saidian v. Krispy Kreme Doughnut Corp.* case is distinguishable because (unlike here) the products made ingredient representations—the words "raspberry-filled" and "maple ice glazed" as well as depictions of imitation blueberries that "highly resemble actual blueberries due to their round shape and blue color"—such that it was plausible that consumers would believe they contained raspberries, maple syrup or maple sugar, and/or blueberries. 2:16-cv-08338-SVW (AFMx), 2017 U.S. Dist. LEXIS 36391, *1–2 (C.D. Cal. Feb. 27, 2017). <u>Second</u>, *Izquierdo v. Panera Bread Co*. is also different. 450 F. Supp. 3d 453, 456–457 (S.D.N.Y. 2020). There, Panera advertised its blueberry bagel as having real blueberries by including a picture of a bagel having real pieces of blueberry and a statement of the picture that read "Food You Can Trust: We're advocates for clean food. We're committed to menu transparency. We're dedicated to having a positive impact on the food system." *Id*. No such depictions are present here. <u>Third</u>, *Schwartz v. Bai Brands* involved fruit names listed in bold above pictures of the two fruits, representations that

4

the drink contained real fruit. No. CV 19-6249 FMO (RAOx), 2020 U.S. Dist. LEXIS 184496, at *2 (C.D. Cal. July 31, 2020). Fourth, *Ruiz v. Celsius Holdings*, involves fruit flavored, "healthy energy" drinks that also contained pictures of the fruit identified in the flavor. No. 3:21-cv-00128-GPC-KSC, 2021 U.S. Dist. LEXIS 235986, at *2 (S.D. Cal. July 27, 2021). Fifth, *Silva v. Unique Bev. Co., LLC* involved depictions of "large[,] colorful coconuts" and the standalone word "Coconut." No. 3:17-cv-00391-HZ, 2017 U.S. Dist. LEXIS 179362, at *2 (D. Or. Oct. 30, 2017). Sixth, *Fitzhenry-Russell v. Coca-Cola Co.* involved an explicit "made with" promise where Ginger Ale packaging stated "Made With Real Ginger." No. 5:17-cv-00603-EJD, 2017 U.S. Dist. LEXIS 172716, at *2 (N.D. Cal. Oct. 18, 2017). None of these cases involved claims based on the product's flavor name alone.

In contrast, Plaintiff relies on a solitary flavor case (*Duncan v. Kahala Franchising, L.L.C.*) that **supports** the notion that, without more, challenging a product's flavor for purportedly making deceptive ingredient representations does not—and cannot—state a plausible claim for relief. Opp. at 6. There, the court dismissed with prejudice the plaintiff's claims challenging "Mango, Coconut, Mint, Orange and Butter Pecan Ice Cream, as well as its Orange Sorbet." 732 F. Supp. 3d 255, 260 (E.D.N.Y. 2024). In doing so, the court concluded that the product's flavor names did not represent that the ice cream and sorbet products contained those ingredients; moreover, any claim that consumers expected mango, coconut, mint, orange, and butter cream ingredients based solely on the flavor names was unreasonable and fanciful.[1] *Id.* at 267. This reasoning is on all fours with the challenged flavor claims here, and it establishes that Plaintiff does not—and cannot—state a viable claim for relief against Defendants.

---

[1] The court also contrasted the significantly more rigorous showing (survey results and competitor products illustrating consumers' expectations as to pistachio ice cream) that convinced the court to permit the challenge to the defendant's pistachio ice cream to continue. *Id.* at 267. In short, *Duncan* demonstrates the sharp line between "ingredient representation" cases and the kinds of flavor claims that Plaintiff challenges here, and it shows that Plaintiff must raise far more than a challenge to a product's flavor to assert a plausible claim against Defendants.

5

      2.      <u>Plaintiff Fails to Meaningfully Distinguish Defendants' Authority</u>

Moreover, Plaintiff's failed attempts to distinguish Defendants' authority simply highlights the implausibility of her allegations. *Compare* Mot. 6-9, *with* Opp. at 7-12. For instance, Plaintiff misconstrues the holding in *Angeles*, 632 F. Supp. 3d at 314 by claiming that the court relied on an on-product disclosure to dismiss the plaintiff's claims. In reality, the *Angeles* court rejected ***as an initial matter*** the allegation that the words "Lemon & Lemon Zest" and depictions of lemons deceived consumers when the product contained only "natural flavor that simulated lemon taste." *Id*. at 313. The court found that "Lemon & Lemon Zest" denoted only the product's flavor, ***not*** an ingredient, without considering any other information on the label:

> Plaintiff alleges that because the bottle includes the words "Lemon & Lemon Zest," drawings of "full and cut lemons, lemon peels and leaves from the lemon plant," and is "in a bottle covered in yellow cellophane," a reasonable consumer would come to the conclusion that it contains more than a de minimis amount of lemon. While "courts in this Circuit have sustained claims where the language of a product label, in context, referred not only to a flavor but also indicated the presence of an ingredient," they have regularly dismissed cases where a product's label makes no "claims about the ingredients constituting the flavor."
>
> Here too, the label's use of the phrase "Lemon & Lemon Zest" merely represents that the Product is lemon flavored. The Product does not use language such as "made with lemon," "made with lemon zest," or any other similar message that would convey to a reasonable consumer that the Product includes those ingredients.

*Angeles*, 632 F. Supp. 3d at 315–316 (cleaned up). Plaintiff makes much of the fact that the product contained a "flavored" disclosure, *see* Opp. at 7, but that disclosure—"inconspicuous and in a color which blends into the yellow cellophane wrapper"—***played no part*** in the court's decision to dismiss the suit in the first instance. *See id.* at 316 (observing that the label's disclosures simply "confirm[ed]" the conclusion that the product did not make any "ingredient representation" claims).

Plaintiff's criticism of *Oldrey v. Nestlé Waters N. Am., Inc.* likewise loses its fizz because the court held that the claim "With a Twist of Raspberry Lime" only represented "that the Product is raspberry and lime flavored." No. 21 CV 03885 (NSR), 2022 U.S. Dist. LEXIS 133770, at *8

(S.D.N.Y. July 27, 2022). Indeed, the court observed, "the Product's label does not use language such as 'made with raspberries and limes,' or any other similar message that would convey to a reasonable consumer that the Product includes those particular ingredients." *Id.* at *9; *see also Vazquez*, 704 F. Supp. 3d at 425 (observing that the defendant "may include the word 'honey' on the Product's packaging and derive the Product's sweet flavor from ingredients that are not honey without being deceptive"); *Brown v. Kellogg Sales Co.*, No. 1:20-CV-7283-ALC, 2022 U.S. Dist. LEXIS 60748, at *12 (S.D.N.Y. Mar. 31, 2022) (observing that the "reasonable interpretation" of the strawberry claims and imagery "describes flavor instead of the *source* of the flavor") (emphasis in original).[2]

In short, because Dunkin's Refreshers make no claim that they are "made with," "contain," or "any other similar message that would convey to a reasonable consumer that the [products] include[] those ingredients," their reference to a fruit conveys to reasonable consumers only that they are merely fruit ***flavored***. *See, e.g., Angeles*, 632 F. Supp. 3d at 316; *Duncan*, 732 F. Supp. 3d at 260. Plaintiff therefore cannot state a viable claim for relief.

### C. Context Confirms that No Reasonable Consumer Would Be Misled by Dunkin's Truthful Representations of Its Refreshers Drinks

Notably, Plaintiff disregards the context of her purchases, which confirms no reasonable consumer would be misled by Defendants' representations of Dunkin's Refreshers flavors. *See* Mot. at 9-13. For instance, Plaintiff ignores the menu board's disclosures that the Refreshers are made "With Green Tea" or "With Coconutmilk," while those disclosures are noticeably absent from Refreshers' flavors. These disclosures, which expressly identify those ingredients that the Refreshers ***do*** contain, are fatal to Plaintiff's claims. *See, e.g., West*, 2024 U.S. Dist. LEXIS 140531, at *16

---

[2] Plaintiff also fails to provide any reasoned basis for why the Court should disregard the "Vanilla and Honey Cases" cited in Defendants' briefing. *See* Opp. at 10-12. Far from an aberration, they reflect the settled application of law in this Circuit and demonstrate that calling out a product's flavor, without more, does not deceive a reasonable consumer about its ingredients. *See* Motion at 7-8; *see also, e.g., West v. Molson Coors Bev. Co. USA, LLC*, No. 23-cv-7547 (BMC), 2024 U.S. Dist. LEXIS 140531, at *16-17 (E.D.N.Y. Aug. 6, 2024) (applying these principles to reject claims that consumers expected a "mimosa hard seltzer" to contain champagne).

(rejecting claims that consumers expected a "mimosa hard seltzer" to contain champagne, reasoning that "it would be odd" for the defendant to add a premium alcohol (champagne) "without making that abundantly clear"). While Plaintiff might prefer to close her eyes to this context—she goes so far as to delete the word "With" from "Green Tea" and "Coconutmilk," (Opp. at 12)—it makes clear that the Refreshers' flavor names do not promise or suggest that they contain any such ingredients.[3] *See Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 383 n.5 (S.D.N.Y. 2021) ("The absence or presence of the words 'made with' can make a substantial difference where the relevant term is both an ingredient and a flavor. 'Made with' designates a product as an ingredient.").

Plaintiff's Opposition instead argues that Dunkin's Refreshers drinks should include the word "flavored" to reiterate that they are fruit-flavored, reasoning that "[a]t the very least" she has asserted a competing, plausible interpretation of Dunkin's Menu Board. *See* Opp. at 7-9. But Plaintiff provides no analogous case supporting this notion. *See supra*, Section II.B.1. **First**, Plaintiff's reliance on *Campbell v. Whole Foods Mkt. Grp., Inc.*, (Opp. at 8), is misplaced. There, the court found that the use of large font for "Honey Graham" and smaller font for "Crackers" as well as a picture of a large honey dipper resting in a bowl of honey could lead to consumer confusion. 516 F. Supp. 3d at 382. The *Campbell* court found that "the graphics of the packaging" ("Honey and graham are each equally sized in a uniform color and font, preceding the word 'crackers'")—not the "Honey Graham" words alone—could lead a reasonable consumer to "view each of those items as a description of the ingredients in the crackers described below each of those prominent terms." *Id*. at 382. But here, that imagery and prominent font are noticeably absent from Dunkin's menu board. *See* Compl. ¶ 15. In

---

[3] Nor does Plaintiff address Dunkin's argument that other contextual clues—such as the setting of a quick service restaurant or the price point of the Dunkin' Refreshers—should dispel any irrational interpretation of the references to the Refreshers' flavors. *See Chen*, 954 F.3d at 501 ("[T]he Products are marketed as grab-and-go products that can be consumed in hand, without the need for a fork and knife. A reasonable consumer purchasing one of the Products from Dunkin Donuts in that context would not be misled into thinking she was purchasing an 'unadulterated piece of meat.'").

8

fact, the Southern District of New York rejected applying *Campbell* precisely because the product in *Campbell* emphasized the term "honey." *See Vazquez*, 704 F. Supp. 3d at 426 (commenting also that "noticeably absent are any claims about the product being made with honey").

***Second***, Plaintiff's reading of *Cooper v. Anheuser-Busch, LLC* is illogical. 553 F. Supp. 3d 83 (S.D.N.Y. 2021). In *Cooper*, the court found it plausible that a reasonable consumer would believe that a "Sparkling Rosé Cocktail," "Sparkling Sangria Cocktail," or "Mojito Fizz"/"Sparkling Classic Cocktail" contained rosé, sangria, or rum. *Id*. at 96. But for *Cooper* to apply, Dunkin's menu board would need to include an extra word akin to "Cocktail"—like "Infusion" or "Smoothie" or "Juice"— which it does not. Indeed, in *West* the Eastern District of New York rejected applying *Cooper* to facts much closer to home because the defendant never referred to its hard seltzers as "cocktails," which "alone would signal to the reasonable consumer that the beverage probably did not contain champagne." 2024 U.S. Dist. LEXIS 140531, at *14. The Court should do the same here and ignore Plaintiff's suggestion that caselaw in the Second Circuit supports inserting a "flavored" disclosure to shore up the implausible nature of her claims.

In sum, no reasonable consumer would walk into a Dunkin' restaurant expecting the actual fruits identified as Refreshers drink flavors. Because Plaintiff has not—and cannot—adequately allege that a reasonable consumer would be misled, her claims should be dismissed in their entirety.

### D.  Plaintiff's Causes of Action Independently Fail as a Matter of Law.

**GBL Claims.** In opposition, Plaintiff wrongly argues that she does not need to allege that she overpaid or paid more for the Refreshers drinks. *See* Opp. at 15-18. She relies on *Axon v. Florida's Nat. Growers, Inc*., but that case only held that "failure to identify the prices of competing products to establish the premium that she paid" was not needed to establish ***standing***. 813 F. App'x 701, 704 (2d Cir. 2020). And both *Daniel v. Mondelez Int'l, Inc*., 287 F. Supp. 3d 177, 197 (E.D.N.Y. 2018) and *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 578 (S.D.N.Y. 2021) hold that a plaintiff

9

must allege that they would not have paid a price premium but for the defendant's misrepresentations. Thus, while Plaintiff believes she need not allege the specific price she paid or competitor's products, she does need to plausibly allege and support that she overpaid for the product. She fails to do this.

**Breach of Warranty.** As established in the Motion (and above), Plaintiff fails to allege *any* express misrepresentation. Mot. at 16-17. The implied warranty claim fails for the same reasons. *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 470 (S.D.N.Y. 2020).

**Common Law Fraud**. Plaintiff's opposition does nothing to salvage her fraud claim, and it still claims without explanation that she "adequately alleged scienter." Opp. at 20. She merely speculates that Defendants "knew or should have known that the Products falsely and deceptively represent to contain certain ingredients that they do not contain," Compl. ¶ 23, an allegation that cannot give rise to a strong inference of Defendants' intent to defraud. *See* Mot. at 18.

**Unjust Enrichment.** Plaintiff's claim for unjust enrichment likewise fails because it simply recirculates the same deficient allegations as the rest of her claims. *Compare* Compl. ¶¶ 72-78, *with id.* ¶¶ 37-71. Plaintiff confusingly counters that her unjust enrichment claim has different *elements*, (Opp. at 21), but she does not—and cannot—explain how the facts underlying her unjust enrichment claim are different from her other claims. *See* Mot. at 19-20.

### III.  CONCLUSION

Plaintiff's Opposition does nothing more than highlight that consumers are not misled by Dunkin's accurate advertisement of its Refreshers drink flavors. Without more, Dunkin' has done nothing wrong. The Court therefore should dismiss the Complaint in its entirety and with prejudice.

Dated: March 4, 2025                                                    Respectfully submitted,

                                                                        */s/ Karly Bader*
                                                                        Karly Bader

        New York Bar No. 5786801
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
T: (212) 905-9031
karly.bader@alston.com

Alan F. Pryor (Pro Hac Vice)
Georgia Bar No. 101888
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
T: (404) 881-7000
alan.pryor@alston.com

Lisa Garcia (Pro Hac Vice)
California Bar No. 301362
**ALSTON & BIRD LLP**
350 South Grand Avenue
51st Floor
Los Angeles, CA 90071
T: (213) 576-1147
lisa.garcia@alston.com

*Attorneys for Defendants Dunkin' Brands, Inc. and Inspire Brands, Inc.,*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing on this 4th day of March, 2025 by filing via the Court's CM/ECF system, which will automatically serve notice of the filing on all counsel of record.

/s/ <i>Karly Bader</i><br>
Karly Bader<br>
New York Bar No. 5786801