UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASSANDRA DALY, individually and
on behalf of all others similarly
situated,

    Plaintiff,

    -v-        3:24-CV-1475

DUNKIN' BRANDS, INC. and
INSPIRE BRANDS, INC.,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| TREEHOUSE LAW LLP<br>Attorneys for Plaintiff<br>3130 Wilshire Boulevard, Suite 555<br>Santa Monica, CA 90403 | JOSHUA NASSIR, ESQ.<br>KATHERINE PHILLIPS, ESQ. |
| ABIRI LAW, PC<br>Attorneys for Plaintiff<br>30021 Tomas Street, Suite 300<br>Rancho Santa Margarita, CA 92688 | ROBERT ABIRI, ESQ. |
| ALSTON & BIRD LLP<br>Attorneys for Defendants<br>350 South Grand Avenue, 51st Floor<br>Los Angeles, CA 90071 | KARLY BADER, ESQ.<br>LISA L. GARCIA, ESQ. |

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

**I. INTRODUCTION**

On December 24, 2024, Cassandra Daly ("Daly" or "plaintiff") filed this six-count putative class action against Dunkin' Brands, Inc. ("Dunkin'") and Inspire Brands, Inc. ("Inspire") (collectively the "defendants"), asserting that defendants' Dunkin' Refreshers products (the "Products"), a line of fruit-flavored beverages, are marketed and advertised to consumers through the use of misleading and deceptive practices that violate the New York General Business Law along with certain statutory and common law protections. Dkt. No. 1.  Relying upon plaintiff's marketing and advertising, plaintiff allePlges that she purchased two Dunkin' Refresher beverages believing that they contained real fruit when they did not.  On February 4, 2025, defendants moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  Dkt. No. 14.  The motion has been fully briefed and will be considered on the basis of the submissions and without oral argument.   Dkt. Nos. 1, 14-1, 23, 24.

**II. BACKGROUND**

Plaintiff, a New York resident, brings this suit against defendants Dunkin' Inspire, who together "are responsible for the formulation, manufacturing, marketing, naming, advertising, and sale of the beverage products sold in

Dunkin's thousands of retail stores located in the United States, including the Products at issue here." Compl. ¶¶ 5, 11. Dunkin' is incorporated in Delaware, and its principal place of business is in Massachusetts. *Id*. ¶ 6. Inspire is also incorporated in Delaware, and its principal place of business is in Georgia. *Id*. ¶ 7. Plaintiff contends the Products are marketed as fruit-based beverages. *Id*. ¶ 12. According to plaintiff, the Products include the following offerings: "(1) Mango Pineapple Refresher; (2) Strawberry Dragonfruit Refresher; (3) Peach Passionfruit Refresher; (4) Blueberry Pomegranate [Refresher]; (5) Apple Cranberry Refresher; (6) Raspberry Watermelon Refresher; and (7) Mixed Berry Beats Dunkin' Refresher." *Id*. ¶ 2. In or around July 2023, Daly alleges that she purchased two different flavors of the Products, Mango Pineapple and Strawberry Dragonfuit, claiming that "[b]ased on the Products' names posted on Dunkin's menu board, [she] reasonably believed the Products contained the represented fruits." *Id*. ¶ 5. Plaintiff contends that "she did not see any statement or information on the Dunkin' menu board that there was mango, pineapple, strawberry, or dragonfruit in the Products." *Id*.

Plaintiff alleges that "Dunkin' has marketed the Products with the name of specific fruits, representing to its consumers that the Products, which are supposed to be fruit-based beverages, contained those named fruits. Compl.

¶ 14. Plaintiff argues that "the presence of fruit in the Products is central to the Products' identity[,]" citing defendants' menu board as depicted here:



*Id.* ¶ 15.

Plaintiff asserts that the menu board induces reasonable consumers to buy the Products expecting that they "contain all the fruits clearly listed in their respective names." Compl. ¶ 16. Instead, and "unbeknownst to consumers,"

plaintiff contends "the [Products] do not contain any juice from the named fruits." *Id.* ¶ 17.

Plaintiff alleges that she, along with other consumers who purchased the Products, relied upon Defendants' "naming of the Products" in forming a belief that they contained the named fruits and paid a premium price for it. Compl. ¶ 4. Instead, plaintiff alleges that each of the Products were formulated only "to mimic the flavor of the represented fruits with 'Flavor Concentrates' made predominantly from water and sugar." *Id.* ¶ 18. According to Daly, "nowhere" did defendants disclosed that the Products are missing their "promised ingredients." *Id.* ¶ 21. Plaintiff asserts that the defendants have engaged in false and misleading advertising regarding the Products [. . .] at the expense of unsuspecting consumers." *Id.* ¶ 13. Plaintiff contends that, had she known of defendants' alleged misrepresentation as to the contents of the Products, she would have either paid substantially less for them or not purchased them at all. *Id.* ¶ 25.

Plaintiff now brings claims against Defendants for (1) violations of New York's General Business Law ("GBL") §§ 349 and 350 (Counts I and II); (2) breach of express warranty and the implied warranty of merchantability (Counts III and IV); (3) unjust enrichment (Count V); and (4) fraud (Count

VI).[1]  Compl. ¶¶ 37–87.  Plaintiff now seeks declaratory relief and monetary relief as well as the certification of the two proposed classes of plaintiffs discussed *infra*.  Compl. at 19.[2]

### III. <u>LEGAL STANDARD</u>

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations must be enough to elevate the plaintiff's right to relief above the speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  So while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In doing so, the court generally confines itself to the facts alleged in the pleading, any documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken.  *Goel v.*

---

[1] Although plaintiff brings two GBL claims, the Court will analyze them together.  Similarly, the Court will analyze plaintiff's two warranty claims together.

[2] Pagination corresponds to CM/ECF headers.

*Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

## IV. DISCUSSION

Plaintiff brings this consumer-rights action against defendants on behalf of herself and two putative classes: (1) a Nationwide Class (the "Nationwide Class"), defined as all persons who purchased the Products during the applicable limitations period; and (2) a New York Subclass (the "New York Subclass"), defined as all residents of New York who purchased any of the Products in New York for personal, family or household consumption and not for resale within the applicable limitations period. Am. Compl. ¶ 27. In sum, Daly alleges the defendants marketed the Products using materially misleading statements to advertise the Products, inducing reasonable consumers to believe that they were fruit-based. *See generally id.* Plaintiff contends that, acting in reliance upon these statements, she and all similarly situated individuals paid a premium price for the Products. *Id.*

### A. GBL Claims

Plaintiff's first two causes of action arise under §§ 349 and 350 GBL. Plaintiff argues the defendants "misleadingly, inaccurately, and deceptively advertised and marketed their Products to consumers." Compl. ¶ 40. Specifically, Daly claims defendants acted in a materially misleading way when they represented that the Products contained certain key ingredients,

*i.e.*, the named fruits, when they do not. *Id.* ¶ 41. In doing so, plaintiff contends the defendants "induced" her, along with all other similarly situated individuals, "to purchase and pay a premium for" the Products when they otherwise would either have paid less for them or would not have purchased them at all. *Id.* Lastly, Daly alleges defendants made the "untrue and/or misleading statements and representations willfully, wantonly, and which reckless disregard for the truth." *Id.*

Defendants now argue that each of plaintiff's GBL claims should be dismissed because: (1) plaintiff fails to plausibly alleges any actionable misrepresentation; (2) a review of the Dunkin' menu board confirms there is no actionable misrepresentation; and (3) plaintiff has not adequately alleged any actual damages, actual injury, or ascertainable loss. Defs.' Mem., Dkt. No. 14-1 at 6–16.

§ 349 bars "[d]eceptive acts or practices in the conduct of any business, trade, or commerce," while § 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce." *Angeles v. Nestlé USA*, Inc., 632 F. Supp. 3d 309, 315 (S.D.N.Y. 2022) (quoting GBL §§ 349–50). "To state a claim under either section, a plaintiff must allege that: (1) the defendant's conduct was consumer-oriented; (2) the defendant's act or practice was deceptive or misleading in a material way; and (3) the plaintiff suffered an injury as a result of the deception[.]" *Fish v. Tom's of Maine, Inc.*, 705 F. Supp. 3d 72, 77

(N.D.N.Y. 2023) (quoting *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co.*, 150 N.Y.S.3d. 79, 84 (2021)) (cleaned up).

"New York courts apply an objective definition of deceptive acts and practices, concerned only with 'those likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Van Orden v. Hikari Sales U.S.A., Inc.*, 2023 WL 5336813 at *3 (N.D.N.Y. Aug. 18, 2023) (citing *Weinstein v. eBay, Inc.*, 819 F. Supp. 2d 219, 228 (S.D.N.Y. 2011) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995)). In addition, "[i]t is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (cleaned up).

Merely alleging that a "label might conceivably be misunderstood by some few consumers" is not enough. *Van Orden*, 2023 WL 5336813 at *3 (quoting *Jessani v. Monini N. Am., Inc.*, 744 Fed. App'x 18, 19 (2d Cir. 2018). Instead, "[p]laintiffs must plausibly allege 'that a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled.'" *Id.* Context is critical to resolving whether a particular advertisement would mislead a reasonable consumer. *See id.* (quoting *Fink*, 714 F.3d at 742). Courts, in assessing such claims of

- 9 -

misrepresentation, regularly depend upon their judicial experience and common-sense observations. *Id.* (citing *Weinstein*, 819 F. Supp. 2d at 228 (collecting cases).

Courts in this Circuit have sustained claims where the language on a product's label, *in addition* to referencing a flavor, indicates the presence of an ingredient. *Angeles,* 632 F. Supp. 3d at 316 (quoting *Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667, 678 (S.D.N.Y. 2021) (emphasis added). However, cases in this Circuit are regularly dismissed where, taken in context, the "product's label makes no claims about the ingredients constituting the flavor." *Angeles,* 632 F. Supp. 3d at 316 (collecting cases). Further, "[t]he absence of presence of the words 'made with' can make a substantial difference where the relevant term is both an ingredient and a flavor." *Id.* (quoting *Campbell v. Whole Foods Mkt. Grp. Inc.*, 516 F. Supp. 3d 370, 383 n.4 (S.D.N.Y. 2021))

Broadly stated, Daly's complaint takes issue with the fact that the Products are named after certain fruits, e.g., Strawberry Dragonfruit or Mango Pineapple. However, the sole example of marketing or advertising that plaintiff alleges in her complaint is the menu board, which: (1) lists the flavor offerings of the Products; (2) indicates that either Green Tea or Coconutmilk can be added into the Products for an additional cost; and (3) a photo of the Mango Pineapple Refresher. Compl. ¶ 15. However, the menu

board gives no indication that the products are made with real fruits, such as "made with Mango and Pineapple" or any similar conveyance to suggest the drink contains real fruit. *Id*.

Upon review, the Court finds that plaintiff has failed to plausibly allege a GBL claim against the defendants. Plaintiff offers nothing, aside from bare conclusions, to suggest that defendants' representation of the Products constitutes a deceptive act or false advertising. The menu board contains no language to suggest the Products are "made with" the actual fruits for which they are named. *See* Compl. ¶ 15. Nor has plaintiff alleged that any representation made on the menu board runs counter to the actual ingredients contained in the beverage. To the contrary, plaintiff alleges that "***all*** of the products are formulated to mimic the taste of the represented fruits with "Flavored Concentrates." Compl. ¶ 18. In this court's view, plaintiff has failed to plausibly allege that defendants' menu board, or any other representation, hides the ball as to the fact that the Products are merely named after the represented fruits. Accordingly, defendants' motion to dismiss the GBL claims (Counts I and II) will be granted.

## B. Warranty Claims

Next, defendants seek to dismiss plaintiff's warranty claims. Plaintiff brings claims on behalf of herself and the New York Subclass for breach of express warranty and breach of the implied warranty of merchantability in

violation of New York Uniform Commercial Code § 2-313 and § 2-314, respectively.  Compl. ¶¶ 54–77.  As to the breach of express warranty claim, Daly alleges that when she and the New York Subclass purchased the Products, a contract was formed with defendants wherein defendants represented that the Products were fruit-based.  *Id*. ¶¶ 54–62.  Plaintiff contends this representation constitutes an express warranty that was breached when the Products did not contain the represented fruits.  *Id*.

Turning to plaintiff's breach of the implied warranty of merchantability claim, plaintiff contends that: (1) defendants are merchants with respect to the Products; (2) by advertising and naming the Products as shown on the menu boards, defendants made an implied promise to consumers that the Products contain the represented fruits; and (3) given that the Products do not contain any real fruit, defendants breached the implied warranty of merchantability.  Compl. ¶¶ 63–77.  Stated briefly, defendants now argue that plaintiff's breach of express warranty claim fails because she has not cited to or challenged any express representation.  Defendant also argues plaintiff's breach of the implied warranty of merchantability fails because Daly has not plausibly alleged that the Products were unmerchantable. Defs.' Mem., Dkt. No. 14-1 at 22–23.

To make out a breach of express warranty claim in New York, a plaintiff must allege "(1) the existence of a material statement amounting to a

warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach." *See e.g., Van Orden*, 2023 WL 5336813 at *7 (quoting *Klausner v. Annie's, Inc.*, 581 F. Supp. 3d 538, 550 (S.D.N.Y. 2022)) (citations and internal quotations omitted).

For much the same reason that plaintiff's GBL claims fail as set forth *supra*, plaintiff's breach of express warranty claim also fails to plausibly allege the existence of any material misrepresentation in defendants' marketing of the Products. Plaintiff relies on the bare conclusion that the Products, by virtue of their names on the menu board, induced the belief in reasonable consumers that they contained real fruit. Given this, the Court cannot find that Daly plausibly alleges the existence of an express warranty.

Turning to plaintiff's breach of implied warranty claim, under New York law, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." N.Y. U.C.C. § 2-314(1). "To be merchantable, goods 'must be [...] fit for the ordinary purposes for which such goods are used; and [...] conform to the promises or affirmations of fact made on the container or label if any.'" *Van Orden*, 2023 WL 5336813 at *7 (quoting *Cosgrove v. Or. Chai, Inc.*, 520 F. Supp. 3d 562, 586 (S.D.N.Y. 2021); *see also* N.Y. U.C.C. § 2-314(2).

Similar to plaintiff's breach of express warranty claim, plaintiff has offered no allegations to support a finding that any promises or affirmations of fact were made on the menu board. Plaintiff simply fails to go beyond bare conclusions in asserting the Products' labeling tends to deceive or otherwise mislead a reasonable consumer, and this failure is fatal to plaintiff's warranty claims at this stage. Accordingly, defendants' motion to dismiss the breach of express warranty (Count III) and breach of the implied warranty of merchantability (Count IV) will be granted.

### C. <u>Unjust Enrichment Claim</u>

Next, defendants seek to dismiss plaintiff's common law unjust enrichment claim. Defs.' Mem., Dkt. No. 14-1 at 25–26. Stated briefly, plaintiff, on behalf of herself and the Nationwide Class, alleges the defendants knowingly misrepresented that the Products contained the named fruits to induce reasonable consumers to pay a premium price for the Products. Compl. ¶¶ 72–78. Defendants argue that plaintiff only recirculates the same arguments used to advance their GBL this one, and that duplicative unjust enrichment claims must be dismissed. Defs.' Mem, Dkt. No. 14-1 at 25–26.

Defendant is correct. "Numerous district courts in this Circuit have dismissed an unjust enrichment claim where the plaintiff alleged facts that

were duplicative of an alleged violation of GBL §§ 349 and 350." *DeCoursey v. Murad, LLC*, 673 F. Supp. 3d 194, 220 (N.D.N.Y. 2023) (collecting cases).

In support of her unjust enrichment claim, plaintiff does nothing more than repeat her allegations that the defendants misrepresented the Products as containing the fruits in their names, charged a premium price for them, and benefited economically to the detriment of plaintiff and all other similarly situated individuals. Compl. ¶¶ 72–78.

Thus, Daly fails to plausibly allege any misleading, incorrect, or untrue statements. To the extent that the complaint alleges that such statements exist or asserts that the menu board constitutes such a statement, those are bare conclusions. Defendant's motion to dismiss Plaintiffs' unjust enrichment claim (Count V) will be granted.

### D. Fraud

Defendants next seek dismissal of plaintiff's common law fraud claim. Defs.' Mem., Dkt. No. 14-1 at 23–25. Plaintiff alleges, on behalf of herself and the Nationwide Class, that when defendants misrepresented the ingredients through their naming and advertising of the Products, they knew they did not contain the fruits they are named after. *Id.* ¶ 81. As a result, plaintiff contends defendants knowingly, fraudulently, and materially misrepresented the Products to consumers. *Id.* Defendants argue Daly's fraud claim should be dismissed for failing to plausibly allege fraudulent intent, instead only

setting forth conclusory allegations that fail to comport with the heightened pleading requirements set forth under Rule 9(b). Defs.' Mem., Dkt. No. 14-1 at 23.

"Under New York law, the elements of a fraud claim are: (1) a material misrepresentation or omission of fact, (2) made with knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes damage to the plaintiff. *Angeles*, 632 F. Supp. 3d at 318 (citing *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997).

In addition, "fraud claims — including common law fraud claims — are subject to the heightened pleading standard set forth in Rule 9(b)." *Van Orden*, 2023 WL 5336813, at *2 (N.D.N.Y. Aug. 18, 2023) (citing *Matana v. Merkin*, 957 F. Supp. 2d 473, 484 (S.D.N.Y. 2013) ("[A] claim for common law fraud under New York law must satisfy the requirements of the heightened pleading standard under [Rule] 9(b)")) (collecting cases). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Under Rule 9(b), "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." *Lerner*, 459 F.3d at 290 (quoting FED. R. CIV. P. 9(b)).

However, because "we must not mistake the relaxation of Rule 9(b)'s specificity requirement regarding condition of mind for a license to base

claims of fraud on speculation and conclusory allegations[,] . . . plaintiffs must allege facts that give rise to a strong inference of fraudulent intent." *Id.* (quoting *Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 52 (2d Cir. 1995) (internal quotation marks and citation omitted)). The requisite "strong inference" of fraud can be demonstrated "either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

Aside from the fact that plaintiff has not made no allegations of fraud that comport with the heightened pleading requirements of Rule 9(b), much like with her unjust enrichment claim, Daly has failed to plausibly allege that that the defendants misrepresented the Products. Indeed, plaintiff has not offered any non-conclusory allegations regarding defendants' marketing and advertising or the intentions behind them. Defendant's motion will be granted as to plaintiff's fraud claim (Count VI).

**E.  Leave to Amend**

The final question is whether plaintiff should be permitted leave to amend her complaint, which she has not done in this matter. Notably, Daly did not request such leave in either her complaint or opposition to the motion to dismiss. Dkt. Nos. 1, 23. However, under Rule 15(a)(2), leave to amend

should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). While liberally granting leave to amend after the dismissal of a complaint pursuant to Rule 12(b)(6) is favored in this Circuit, it is not warranted where doing so would be futile. *See, e.g., Fish*, 705 F. Supp. 3d at 82 (collecting cases). "[F]utility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)[.]" *Id.* (collecting cases).

Upon review, leave to further amend will be granted. First, while plaintiff's complaint has been found deficient for the reasons stated *supra*, she has not filed an amended complaint in this matter to date. Next, at this juncture, and even in light of the fact that plaintiff has not requested leave to amend, the Court is not inclined to rule that amending the pleadings would necessarily be futile. Accordingly, plaintiff will be granted thirty (30) days from the entry of this Decision & Order to file a proposed Amended Complaint for this Court's consideration.

## V. **CONCLUSION**

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss (Dkt. No. 14) is GRANTED;

2. Plaintiff's complaint is dismissed without prejudice and with leave to amend;

3. Plaintiff has until March 11, 2026 to file a proposed Amended Complaint for this Court's consideration; and

4. In the event that plaintiff does not file a proposed Amended Complaint for this Court's consideration by March 11, 2026, the Clerk is directed to close the file and enter a judgment accordingly without further Order of this Court.

The Clerk of the Court is further directed to terminate the pending motion and set deadlines accordingly.

IT IS SO ORDERED.

*David N. Hurd*
U.S. District Judge

Dated: February 9, 2026
       Utica, New York.